IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3004 |
| vs. | |
| DARNELL GORDON, et al., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on defendants Lyle Gordon, Brenis Vaughn, and Isaiah Brown's objections to the Magistrate Judge's April 25, 2017 order (filing 105), granting defendant Wakonda Hazel's motion for an extension of time to file pretrial motions. For the reasons explained below, the objections will be sustained, in part, and overruled, in part.

A grand jury indictment was issued on January 19, 2017, charging ten named defendants—including Gordon, Vaughn, Brown, and Hazel—with conspiracy to commit bank larceny. Filing 1. On February 8, the Magistrate Judge issued an amended progression order, setting the pretrial motion deadline for March 10, and the trial for April 10. Filing 87. Two defendants moved to extend the pretrial motion deadline from March 10 to April 24, and those requests were granted. Filing 100. Then, on April 24, defendant Hazel (and Hazel only) moved to extend the pretrial motion deadline again—this time to June 24. Filing 104. That motion was granted on April 25. Filing 105.

Defendants Gordon, Vaughn, and Brown object to the Magistrate Judge's order extending the pretrial motion deadline from April 24 to June 26. They generally contend that the most recent 60-day extension implicates their constitutional right to speedy trial. For example, defendant Brown

argues that further delay will exacerbate his anxiety, disturb his employment, and potentially impact his defense. *See* filing 111 at 3-4. Defendant Vaughn raises similar concerns, and adds that he–unlike defendant Brown—remains in pretrial confinement. Filing 113 at 3-4. And defendant Gordon, who is also detained, argues that defendant Hazel's request to extend the pretrial motion deadline was not supported by good cause. Filing 110 at 2.

Both the government and Hazel have filed briefs in support of the continuance. *See*, filing 115; filing 118. The government points to the voluminous discovery materials, including a DVD containing over 25,000 pages of investigative reports; 84 discs containing videos, photos, audio, and data related to the investigative reports; surveillance videos; pen register applications; jail telephone calls; aircraft surveillance; cell phone data; and post-arrest interviews. Filing 115 at 2. And, the government notes, counsel for at least two defendants have reported difficulty accessing certain encrypted discs, which, it says, has resulted in further delay. Filing 115 at 2-3. Hazel, too, cites to the extensive discovery, claiming that her counsel needs more time to properly, and effectively, prepare for trial. Filing 118. None of the other 6 defendants have formally objected to the April 25 order.

As a general rule, persons charged in a conspiracy are tried together, particularly where proof of the charges against the defendants is based upon the same evidence and acts. *Zafiro v. United States*, 506 U.S. 534, 537-38 (1993); *United States v. Jackson*, 549 F.2d 517, 523 (8th Cir. 1977). And while the Court may sever an individual defendant's trial from that of his or her codefendants, no such request has been made here. *See* Fed. R. Crim. P. 14. So, applying these principles, the Court assumes that the conspiracy counts

will, as to each defendant, be tried together. *See [United States v. Marin-Cifuentes](#)*, 866 F.2d 988, 994 (8th Cir. 1989).

The objecting defendants resist Hazel's 60-day extension on constitutional grounds. As noted above, the defendants generally argue that the continuance will prejudice them in various respects, including increased anxiety, disruption in employment, and further restraint on freedom. The Court finds, based on the evidence and representations made by counsel during the May 12, 2017 hearing, that an extension of the pretrial motion deadline is warranted and serves the interest of justice. But an extension of the pretrial motion deadline to June 2, rather than June 26, strikes the appropriate balance between providing all defendants full access to discovery and yet recognizes all defendants' right to an appropriately speedy trial. Indeed, as noted above, the discovery in this matter purportedly contains thousands of pages of reports, and nearly 100 discs containing audio and video surveillance. *See [United States v. DeLuna](#),* 763 F.2d 897, 922 (8th Cir. 1985) (noting that a codefendant's continuances were "necessary to adequate preparation for trial and reasonable considering the complexity of the case"). Accordingly, the pending objections will be sustained, in part, and overruled, in part, as set forth below. In light of this ruling, the magistrate judge shall amend the trial progression order and set a new trial date.

IT IS ORDERED:

1. Defendant Lyle Gordon's objection ([filing 106](#)) to the Magistrate Judge's Order is sustained, in part, and overruled in part.

2.  Defendant Brenis Vaughn's objection (filing 107) to the Magistrate Judge's Order is sustained, in part, and overruled in part.

3.  Defendant Isaiah Brown's objection (filing 108) to the Magistrate Judge's Order is sustained, in part, and overruled in part.

4.  As to all defendants, pretrial motions and briefs shall be filed on or before June 2, 2017.

5.  The Magistrate Judge shall amend the trial progression order and set a new trial date.

Dated this 12th day of May, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge