IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>DARNELL GORDON, LYLE GORDON, ISAIAH BROWN, CAL MCCOY, BAKARI HUNT, WAKONDA HAZEL, BAJAH PITTMAN, BRENIS VAUGHN, and OMARI MANUEL,<br><br>Defendants. | 4:17CR3004<br><br>**MEMORANDUM AND ORDER** |

The government has moved to continue the trial currently set for September 18, 2017. (Filing No. 219). As explained in the motion, the government's counsel and its expert witness (for analysis of historical cell-site records) are not available during the scheduled trial week; the district judge's rulings on my findings and recommendation on motions to suppress cell site information filed by Defendants Brown, Hazel, and Pittman (Filing Nos. 134, 136, & 138) are still pending and it is highly likely these defendants will object to my decision;[1] and Defendant Hazel's motion to suppress statements remains pending.[2]

---

[1] The motions to suppress the historical cell site information raise issues currently pending before the United States Supreme Court. Carpenter v. United States, 819 F.3d 880 (6th Cir. 2016), cert. granted, 137 S. Ct. 2211, 198 L. Ed. 2d 657 (2017).

[2] The undersigned magistrate judge anticipates that the findings and recommendation on Hazel's Fifth and Sixth Amendment arguments will be filed on or before September 1, 2017.

Defendant Lyle Gordon objects to the continuance, arguing he has already been detained for 13 months on the charges in this case and underlying and related state charges,[3] and the evidence against him is sparse. He demands an immediate trial in accordance with his right to a speedy trial. (Filing Nos. 222 & 223). No other defendant has timely objected to the government's motion to continue.

The government's federal indictment, filed on January 19, 2017, alleges the defendants, including Defendant Lyle Gordon, were engaged in a conspiracy to commit bank larceny. Generally, persons charged in a conspiracy or jointly indicted on similar evidence should be tried together. United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009); United States v. Brown, 331 F.3d 591, 595 (8th Cir. 2003). The case against Defendants Brown, Hazel, and Pittman is not ready for trial—motions to suppress evidence are currently pending and will not be resolved before September 18, 2017. As such, if the conspiracy charges are to be tried together, the trial of this case must be continued as to all defendants.

Defendant Lyle Gordon demands a right to a speedy trial.[4] Upon review of the court record, Defendant Lyle Gordon's rights under the Speedy Trial Act have not been violated. While the case has been pending for more than 70 days, numerous pretrial motions have been filed. Whether filed by Defendant Lyle Gordon or by a co-defendant, the time during which these motions were pending

---

[3] Defendant's brief in support of his objection states he has been detained a total of 17 months. (Filing No. 223, at CM/ECF p. 2).

[4] Defendant Lyle Gordon's brief mentions his speedy trial rights, but he does not explain the legal basis for his argument. The court will therefore address Defendant Lyle Gordon's rights under both the Speedy Trial Act and the Sixth Amendment.

is excludable as to all defendants. United States v. Mallett, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants.").

As to Defendant Lyle Gordon's Sixth Amendment rights, in determining whether a defendant's Constitutional right to a speedy trial has been (or is being) violated the court considers four factors: 1) the length of delay; 2) the reason for delay; 3) whether the defendant asserted the right to speedy trial; and 4) whether the defendant suffered any prejudice. Barker v. Wingo, 407 U.S. 514, 530 (1972). In assessing the impact of the length of the delay, the court must first determine whether there has been an "uncommonly long" delay between indictment and trial. United States v. Porchay, 651 F.3d 930, 940 (8th Cir. 2011). This inquiry has two parts. First, "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Dogget v. United States, 505 U.S. 647, 651 (1992)). Second, "the court must then consider . . . the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Id. at 652.

The threshold for finding a presumptively prejudicial delay is a delay of approximately 12 months from indictment to trial. See United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003). Under the facts of record, the court finds the delay between indictment and trial has not crossed and is not anticipated to cross "the threshold dividing ordinary from 'presumptively prejudicial' delay." The federal indictment against Defendant Lyle Gordon has been pending for less than eight months. Defendant Lyle Gordon's objection and accompanying brief fail to

"trigger a speedy trial analysis." Dogget, 505 U.S. at 651. A hearing on the issue is unnecessary.[5]

In addition, the right to a fair trial is not solely for the benefit of criminal defendants: The public, acting by and through counsel for the government, is equally entitled to a fair trial. In this case, the government's primary counsel and its expert witness cannot attend the trial as scheduled. Particularly where, as in this case, the government's case-in-chief will require explaining cell site records in the context of witness accounts and the hands-on investigation of law enforcement, holding a trial with a substitute prosecutor and expert rather than the persons most familiar with the case would violate the public's right to a fair trial. And to be clear, the current trial date was selected and set by the undersigned magistrate judge without first consulting with the parties: The government is not retreating from any prior promise to be present and ready for trial on September 18, 2017.

The court finds Defendant Lyle Gordon's objection must be overruled. and the government's motion to continue must be granted.

Accordingly,

IT IS ORDERED:

1) Defendant Lyle Gordon's objection to continuing the trial of this case, (Filing No. 222) is overruled.

---

[5] While no further discussion is required, I further find the reason for delay—the complexity of the evidence as described during the hearings on the pending motions to suppress historical cell site data and co-defendant statements—certainly justifies the delay thus far. And the government is not responsible for this delay.

2) The government's motion to continue, ([Filing No. 219](#)), is granted.

3) **As to all defendants**, the trial of this case is set to commence before the Honorable John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on October 16, 2017, or as soon thereafter as the case may be called, for a duration of ten (10) trial days. Jury selection will be held at commencement of trial.

3) Based upon the showing set forth in Defendant's motion and the representations of counsel, the Court further finds that the ends of justice will be served by continuing the trial; and that the purposes served by continuing the trial date in this case outweigh the interest of Defendant and the public in a speedy trial. Accordingly, **as to all defendants**, the additional time arising as a result of the granting of the motion, the time between today's date and October 16, 2017, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1), (h)(6) & (h)(7). Failing to object to this order as provided under the court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

August 31, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.