IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DARNELL GORDON,<br><br>    Defendant. | 4:17-CR-3004<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. There are no motions for departure or variance. The defendant objects (filing 404) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant objects to several statements in the presentence report regarding his role in the underlying offense. Filing 404 at 1-3. The Court understands those objections as relating to the restitution amount reflected in the presentence report.

The government has the burden to prove loss calculation by a preponderance of the evidence. *United States v. Adejumo*, 848 F.3d 868, 870 (8th Cir. 2017). The Court will resolve this issue

based on the evidence presented at a separately scheduled restitution hearing.

The defendant also objects to the application of a four level enhancement under U.S.S.G. § 3B1.1(a). Filing 404 at 4. That section applies if the defendant "was an organizer or leader of a criminal activity that involved five or more participants[.]" The defendant in this case argues that the criminal activity was a "joint endeavor" in which persons divided duties and money equally. Filing 404 at 4.

It is the government's burden to prove that a "leadership enhancement" applies by a preponderance of the evidence. *United States v. Musa*, 830 F.3d 786, 788 (8th Cir. 2016). The Court will resolve this issue at sentencing. And the Court also acknowledges the presence of a Rule 11(c)(1)(C) plea agreement in this case.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the

local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 31st day of January, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge