IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3004 |
| vs. | |
| DARNELL GORDON, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on correspondence from the defendant that the Court has filed as a motion for copies and for appointment of counsel. Filing 475. The defendant's motion will be denied.

The defendant is requesting copies of evidence and transcripts from these proceedings. But the defendant does not have the right to receive copies of documents without payment, even if he is indigent. *See,* 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.,* 612 F.2d 1074, 1075 (8th Cir. 1980). No transcript has been produced for the hearing held on November 8, 2018, but the defendant may request that a transcript be made.[1] There is a transcript of the defendant's change of plea hearing, filing 378, and the defendant may pay the Clerk of the Court for copies at the established rate of 50¢ per page. That document is 27 pages, so it would cost $13.50. And the remaining

---

[1] An indigent defendant bringing a postconviction proceeding under 28 U.S.C. § 2255 may have a transcript prepared at the government's expense, if the suit is not frivolous and the transcript is needed to decide the issue presented by the suit. 28 U.S.C. § 753. But any request for a free transcript prior to the filing of a § 2255 motion is premature. *Chapman v. United States,* 55 F.3d 390, 390-91 (8th Cir. 1995). And the defendant is cautioned that a claim to credit for time served cannot be brought under § 2255. *See Bell v. United States,* 48 F.3d 1042, 1043-44 (8th Cir. 1995).

documents requested by the defendant—the statements and proffers of certain codefendants, and the presentence reports for other codefendants— are either not in the possession of the Court or are restricted from public access. The Court cannot provide the defendant with copies of those documents, even if he is willing to pay for them.

Furthermore, however, the defendant's request for copies is premature. The defendant is asking for copies, he says, because he is preparing a motion for postconviction relief. But as of now, the defendant's case is on appeal to the U.S. Court of Appeals for the Eighth Circuit, and the defendant's counsel is still representing him before that court. The defendant cannot pursue postconviction relief while his direct appeal is still pending. *See United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965).

Finally, the defendant requests appointment of counsel to pursue postconviction relief. Again, the defendant cannot pursue postconviction relief while his direct appeal is still pending. Nor is it appropriate to appoint postconviction counsel while the defendant is still represented by appointed trial counsel—on appeal, and in this Court for purposes of restitution. Any concerns the defendant may have with his court-appointed counsel should be directed first *to counsel*, who the Court is confident would bring it to the Court's attention should he become unable to effectively represent the defendant's interests.

IT IS ORDERED

1.  The defendant's motion for copies and for appointment of counsel (filing 475) is denied.

2.  The Clerk of the Court shall send the defendant a copy of this order, along with a request for transcript form.

Dated this 27th day of March, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge